```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

KELLI SMITH, an individual,

       Plaintiff,

v.                                    Case No: 2:23-cv-840-JES-KCD

THE FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES, a political
subdivision of the State of
Florida,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss for Failure to State a Claim (Doc. #14) filed on December 5, 2023. Plaintiff filed a Response (Doc. #22) on January 16, 2024, and defendant filed a Reply (Doc. #25) on February 6, 2024, with leave of Court. Defendant asserts that the claims in the current federal Complaint (Doc. #1) could have and should have been brought in a prior state-court lawsuit relying on the same underlying set of facts but asserting different legal theories. Defendant therefore moves to dismiss the federal Complaint with prejudice as barred by res judicata or claims-splitting principles. For the reasons set forth below, the motion is denied.

I.

Both res judicata and claim-splitting may be raised by way of a Rule 12(b)(6) motion to dismiss. Concordia v. Bendekovic, 693 F.2d 1073, 1075-76 (11th Cir. 1982). A district court may resolve such issues at the pleading stage "where the defense appears on the face of the plaintiff's complaint and the court is in possession of any judicially noticeable facts it needs to reach a decision." Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 836 n.1 (11th Cir. 2017). A Court may take judicial notice of the documents in the first case "which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (citing Fed. R. Evid. 201(b)) (citations omitted). As with any Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). The burden is on the party asserting res judicata or claim splitting to show the second suit

is barred. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

## II.

Plaintiff Kelli Smith (Chief Smith) was employed by Defendant Florida Gulf Coast University (FGCU) Board of Trustees, the governing authority for FGCU (the Board), as the Chief of its campus police department from May 3, 2021, until her employment was terminated on March 29, 2022. During her tenure Chief Smith communicated with FCGU about the school's continuing[1] failure to comply with the Jeanne Clery Disclosure of Campus Security Policy and Crime Statistics Act (the Clery Act). Under the Clery Act, FGCU must provide victims of dating violence, domestic violence, sexual assault, and stalking with information on available assistance. Chief Smith attended a meeting in which she disclosed that FGCU was not complying with the Clery Act and recommended that an expert be hired to train employees. Shortly thereafter Chief Smith observed and suffered gender harassment and discrimination. On March 29, 2022, Defendant terminated Chief Smith's employment and replaced her with a white male.

---

[1] Defendant had already had an audit in 2019 by the Department of Education regarding its Annual Security Report not meeting requirements.

On September 20, 2022, Plaintiff filed a Complaint in Lee County Circuit Court against the FGCU Board of Trustees asserting a single claim of retaliation under Florida's Whistle-blower Act (FWA), Fla. Stat. § 112.3187. On March 16, 2023, Plaintiff filed an Amended Complaint (Doc. #14-4), only slightly modifying the original claim and adding no new claims. On March 27, 2023, Defendant filed a motion to dismiss or for summary judgment. (Doc. #14-5.) On July 12, 2023, Plaintiff filed a response. (Doc. #14-6.) On July 27, 2023, summary judgment was granted in favor of Defendant.

In his Order Granting Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. #14-10), the Circuit Court Judge found that the undisputed facts established that Defendant was entitled to judgment as a matter of law "on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claim." (Id. at ¶¶ 1, 6.) More specifically, the Circuit Judge found that to establish subject matter jurisdiction in the state circuit court plaintiff was required to exhaust her administrative remedies for her Whistle-blower's Act claim; that to exhaust administrative remedies plaintiff was required to file an administrative complaint with the Florida Commission on Human Relations (FCHR) and the FCHR investigation into her administrative complaint must have "terminated;" that plaintiff filed the administrative complaint, but plaintiff's administrative

4

complaint was "dismissed" and not "terminated;" that as a result, plaintiff failed to exhaust her administrative remedies. (Id. at ¶ 1.a.-e.) The Circuit Judge held that "[a] failure to exhaust Whistle-blower's Act administrative remedies deprives this Court of subject matter jurisdiction." (Id. at ¶ 8) (citing four Florida District Court of Appeals cases). The Circuit Judge concluded that plaintiff "failed to exhaust her administrative remedies. Accordingly, the Court concludes Defendant is entitled to summary judgment for lack of subject matter jurisdiction." (Id. at ¶ 20.) Alternatively, the Circuit Court found that the Amended Complaint failed to state a claim satisfying the requirements of the FWA and dismissed the Amended Complaint. (Id. at ¶¶ 21-30.) No appeal was filed.

### III.

On October 5, 2023, Plaintiff filed her Complaint (Doc. #1) in federal court asserting gender discrimination under federal and state law (Counts I and II), and retaliation under the federal and Florida Civil Rights Acts and Title IX (Counts III-V). These claims arise from the same facts which underpinned the prior state court litigation. Defendant moves to dismiss all claims in the federal Complaint with prejudice as barred by res judicata or claims-splitting principles.

5

### A. Res Judicata

"Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1375 (11th Cir. 2011) (citation omitted).

> It is by now hornbook law that the doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). For res judicata to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. []
>
> As for the fourth element, two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate," as the former one. Id. at 1239 (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)); see also Singh [v. U.S. Atty. Gen., 561 F.3d 1275, 1280 (11th Cir. 2009)]. "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998) (quoting Manning v. City of Auburn, 953 F.2d 1355, 1358-59 (11th Cir. 1992)).

Maldonado, at 1375-76. See also In re Blue Cross Blue Shield Antitrust Litig. MDL 2406, 85 F.4th 1070, 1090 (11th Cir. 2023); Shurick v. Boeing Co., 623 F.3d 1114, 1116-17 (11th Cir. 2010).

The application of the doctrine of res judicata is a "pure question of law." Maldonado, 664 F.3d at 1374 (citation omitted).

The parties do not dispute that the state court was a court of competent jurisdiction, or that the parties are the same in both cases, or that the cases are based on the same facts and occurrences during Plaintiff's employment. The only issue in dispute is whether there was an adjudication on the merits, as is required for *res judicata* to apply. Plaintiff argues that there was no adjudication on the merits because the dismissal was based on a lack of subject matter jurisdiction. Defendant sees an adjudication on the merits in the state-court decision.

Both federal and Florida law are clear that a dismissal for lack of subject matter jurisdiction must be without prejudice and is not a judgment on the merits. "Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." Dupree v. Owens, 21-12571, 2024 WL 439462, at *6 (11th Cir. Feb. 6, 2024). See also Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1235 (11th Cir. 2021) (citations omitted); Arison Shipping Co. v. Hatfield, 352 So. 2d 539, 540 (Fla. 3d DCA 1977) ("It is our opinion that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus, not a bona fide termination of the prior civil suit."); Seminole Tribe of Florida v. Pupo, __ So. 3d __, 2023 WL 8792645, *3, 49 Fla. L. Weekly D20 (Fla. 4th DCA Dec. 20, 2023) ("A failure to

7

comply with a condition precedent to suit typically results in the dismissal of a prematurely-filed suit, not a 'forever' bar unless a statute of limitations or repose would preclude a newly-filed lawsuit."); Fla. R. Civ. P. 1.420(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, **other than a dismissal for lack of jurisdiction** or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.") (emphasis added).

It is also true, however, that the Court must examine the prior determination to determine whether its jurisdictional language was a conclusion that the court "lacked the power to adjudicate the dispute before it." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188 (11th Cir. 2003). In Davila, for instance, the Court found that, despite statements to the contrary by the trial court, "there can be no reasoned doubt that . . . the court did not base its dismissal on jurisdictional grounds." Id. at 1190.

No such finding is possible here. The state court clearly found a lack of subject matter jurisdiction, and then moved on to

8

its alternate finding.² The Court finds that there has not been a final adjudication on the merits in the state court proceeding, and therefore this element of res judicata has not been established. The motion to dismiss based on res judicata is denied.

**B. Claim Splitting**

The Eleventh Circuit has recognized that "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" Vanover, 857 F.3d at 841 (quoting Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011)). As the Eleventh Circuit has recently summarized:

> In essence, the claim-splitting doctrine "requires a plaintiff to assert all of [his or her] causes of action arising from a common set of facts in one lawsuit." Kennedy, 998 F.3d at 1236 (quotation marks omitted). The doctrine prevents a plaintiff from prosecuting a second suit "before the first suit has reached a final judgment," promotes judicial economy, and shields parties from "vexatious and duplicative litigation while empowering

---

² Unlike Raulerson v. Warden, 928 F.3d 987, 1001 (11th Cir. 2019), there was no adjudication on the merits of the issue and then an additional alternative merits decision. (Doc. #25 at 4.)

9

> the district court to manage its docket." Id. (quotation marks omitted).
>
> To determine whether a plaintiff has improperly split his claims among lawsuits, we examine "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." Vanover, 857 F.3d at 841–42 (quotation marks omitted). "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." Id. at 842. While this test borrows from the res judicata test, the question "is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." Id. at 841 (quotation marks omitted).

Klayman v. Porter, 22-13025, 2023 WL 2261814, at *3 (11th Cir. Feb. 28, 2023).

But the claim-splitting doctrine is a prudential rule which is subject to exceptions. Estate of Keeter v. Comm'r of Internal Revenue, 75 F.4th 1268, 1287 (11th Cir. 2023). The claim splitting rule applies only "where a second suit has been filed before the first suit has reached a final judgment." Watkins v. Elmore, 745 F. App'x 100, 104 n.2 (11th Cir. 2018) (citing Vanover, 857 F.3d at 840 n.3). It is undisputed that the state Circuit Court granted summary judgment on July 27, 2023, and Plaintiff filed the federal complaint on October 5, 2023. Since the state case was over about two months prior to the filing of the federal case, claim splitting

10

does not apply.  The fact that an opportunity to amend existed before summary judgment was granted is irrelevant.

Additionally, the claim-splitting rule does not preclude a second suit where there was no jurisdiction for the first lawsuit. "It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims." Borrero v. United Healthcare of New York, Inc., 610 F.3d 1296, 1307 (11th Cir. 2010) (quoting Aquatherm Indus., Inc. v. Fla. Power & Light Co., 84 F.3d 1388, 1392 (11th Cir. 1996)); Rumbough v. Comenity Capital Bank, 748 F. App'x 253, 256 (11th Cir. 2018). Here, the Circuit Judge granted summary judgment because the state court lacked subject matter jurisdiction.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #14) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of February 2024.

*[Signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record